FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2020 MAR -4  AM 11: 33

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLORADO JEFFREY P. COLWELL
CLERK

Robert J. Intlekofer

Case: BY_____DEP. CLK

Hon.

Plaintiff

'20 - CV - 00613

vs.

INTERNAL REVENUE SERVICE
AGENT DARLENE JONES; PALS,
BANKRUPTCY TRUSTEE JOLI LOFSTEDT
AND ANY ACCOMPLICES KNOWN
AND UNKNOWN, ET AL.

Defendant(s)

---

## COMPLAINT FOR PLENARY REVIEW AND DECLARATORY JUDGMENT UPON DECISION OF BANKRUPTCY APPELLATE COURT

Now Comes, the Plaintiff, without the assistance of counsel, to file this Complaint

upon the Defendant(s) for Plenary Review and Declaratory Judgment upon the Decision

of the Bankruptcy Appellate Court regarding Plaintiff's real property in Ely, Nevada

illegally seized and auctioned.

Amongst other things, the Bankruptcy Appellate Panel did not look to the errors in

IRS procedure committed before the Auction of the property at bar which cannot be set

aside for a Bankruptcy outcome which violates strict compliance to IRS protocol.

In this Cause of Action the Bankruptcy Trustee failed to meet her duty to verify

that the IRS debt(s) that accumulated against the Plaintiff were legitimate. The IRS

Agent(s) involved in the Bankruptcy reports did not follow IRS procedural requirements.

1

The Bankruptcy Trustee Joli Lofstedt,

even if she was under advice of counsel, had a duty to verify IRS procedure was followed

before she allocated the money or the property listed in the Bankruptcy charts as items

which were subject to IRS seizure. Because Joli Lofstedt as trustee in Bankruptcy did not

meet the burden of proof that the items seized from the Plaintiff were subject to IRS

attachment, Joli Lofstedt committed Conversion Theft, Extortion, and Malfeasance of

office. During Joli Lofstedt's involvement as Trustee when she invoiced

the Plaintiff for her Attorney Group's fee(s) she became liable for also "unjust

performance". Because Joli Lofstedt continued the same conduct against the other

property(s) beyond the house in Ely, NV, which went to Auction, her Misconduct in office

rose to malicious Malfeasance of office and Dereliction of duty.

Fraud vitiates the most solemn promise to pay, and court judgments. U.S. v.
Throckmorton, 98 US 1.

Regarding plenary review if it goes beyond this district court; the higher court

would apply the same standards in review that this district court would apply. To Wit:

'We review de novo the district court's decision on appeal from the bankruptcy
court and apply the same standards of review applied by the district court'. *Motor Vehicle
Cas. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.)*, 677 F.3d 869, 879 (9th
Cir. 2012). We affirm.

The bankruptcy court properly concluded that the issuance of the in rem order did
not violate Greenstein's due process rights. *See Raditch v. United States*, 929 F.2d 478,
480 (9th Cir. 1991) (procedural due process requires "notice and an opportunity to
respond in some manner"); *see also* 11 U.S.C. § 362(d)(4) (debtor in a subsequent case
under this title may move for relief from an in rem order based upon changed
circumstances or for good cause shown).

## **JURISDICTION**

This court has jurisdiction by reason of 28 USC § 1391(a)(2) as (a)(2) says:

"a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated. "

Colorado State is where the Plaintiff's Bankruptcy action commenced.

Additionally Declaratory Judgments arise under 28 USC § 2201 to declare the rights of an interested party seeking such a declaration.

## BACKGROUND FACTS ON DEFICIENT IRS PROCEDURE

The current Plaintiff, as a Petitioner filed a Petition for Temporary Restraining Order under 42 U.S.C. § 1983 by reference to F.R.Civ. P. (65), et seq., against the then-upcoming Public Auction of property located in Ely, Nevada.

The Petitioner requested that court impose a security bond pursuant to F.R. Civ. Proc. (65)(c) as Notice to the opposing party was to be received within (7) days of the Auction date of October 24, 2018 , outside the County Courthouse at 801 Clark Street, Nevada 83301, in White Pine County.

This Petition for TRO was designed to Enjoin Agent Darlene Jones ,of www.irsauctions.gov from auctioning the property of concern based on "lack of" several IRS procedural requirements being fulfilled.

Agent Darlene Jones who headed up the Auction in Ely, Nevada as well as other IRS Agents were notified in writing of the procedural breaches which were uncovered by the Petitioner and those breaches in IRS procedure were certified-mailed to Agent D. Jones. After the mailings were sent, Id. a scheduled-meeting occurred in the Office(s) of

the IRS in Denver, Colorado and IRS agent(s) there present were Negligent to require

they must each follow strict IRS procedure concerning the Notice of Federal Tax Lien

against the Ely, Nevada property and its method of origin.

The Taxpayer Bill of Rights was designed in part to compel the IRS to follow

procedure and be more transparent in compliance.   The property is located at 1220

Mountain View Drive, Ely, Nevada, and is the subject of what the Petitioner claims was

an illegal and colorable Notice of Federal Tax Lien.

The claim to the Negligence by IRS to follow procedure in seizing real property belonging

to the Plaintiff does not exclude the other properties the IRS Lien-ed, and the Bankruptcy

Trustee allowed to be seized.

### THE PARTICULAR DEFICIENCIES

Prior to the Auction commencing, the Petitioner/Plaintiff notified the IRS by mail

and/or process server in October of 2018 that the procedures for Lien(s) on the subject

property were deficient. The Petitioner found: To Wit:

The Attached **Notice of Federal Tax Lien(s)** form 668(Y) for "Kind of Tax"
1040
for Tax Periods ending  12/31/1998, 12/31/1999/ 12/31/2000, 12/31/2001, by IRS Agent
R.A. Mitchell signing for agent REGINA OWENS, for a total of $68,4--.8- is followed
by:

The Attached **Notice of Federal Tax Lien,** form 668(Y) for "Kind of Tax" 1040
for Tax Periods ending 12/31/2008 by IRS Agent Gonzalez, signing for agent GINGER L
WRAY
for a total of $26,0--.4-,  is followed by:

The Attached **Notice of Federal Tax Lien,** form 668(Y) for "Kind of Tax" 1040
for Tax Periods ending 12/31/2008 by IRS Agent M. Cox, signing for agent STEVE
DYSON
for a total of $7,3--.4-.

The attached **Form 2434-B Notice of Encumbrances Against or Interest in Property Offered for Sale** for tax periods 07/23/2007 through 08/14/2018 signed by Agent Darlene Jones
lacks the below Form and IRC standards.

*BASED ON THE BELOW VIOLATIONS OF PROCEDURE AND CODE AGENT DARLENE JONES OF PALS ABOVE MUST IMMEDIATELY ABATE THE PUBLIC AUCTION SALE SCHEDULED FOR 10/24/2018.*

(see)   **BOTHKE v. FLUOR ENGINEERS AND CONSTRUCTORS, INC.**

713 F.2d 1405 (1983) **on waiver of immunity by IRS agents**

a.      None of the Form 668(Y)'s above display an O.M.B. number, and therefore are not official.

b.      None of the Form 668(Y)'s above display verification of the income tax debt, by 26 USC §      6065's, penalty of perjury clause mandated to be shown.

c.      None of the Form 668(Y)'s above were derived from a verified Notice of Deficiency, Form 23-  c, prior to the related Assessment, per 26 USC 6212's mandate.

d.      None of the Form 668(Y)'s above were derived from a verified Intent to Levy or Lien pursuant  to 26 USC 6331(d)'s mandate.

e.      None of the Form 668(Y)'s above were followed by a verified Notice of Seizure you had to file to take my funds and/or my real property above, per 26 USC 6335(a)'s mandate.

f.      None of the Form 668(Y)'s were followed by a  Warrant of Distraint to take my social security funds and/or my real property above (see) In Re Holdsworth, (1953 NJ) 113 FS 878.

g.      None of the letter(s) any IRS Agent sent to me an any Form 1040 debt specified what
       "particular type of tax" I was being assessed for, and therefore are invalid as there
is no
       such U.S. Congression-ally approved tax known as a 1040 tax.

h.      There is no implementing regulation for your 1040 tax, and thus you have for all the above
       grounds and more, conspired to file Form(s) outside the Code and outside the Law
to
       Extort money and/or real property from me, as against IRS and IRC procedure.

The above mandates are taken from your Collection Field Techniques, Manual IRM 5600-   33.

Furthermore, a Notice of Levy is not a Levy. A Notice of Lien is not a Lien.

**26 USC § 6321. Lien for taxes** If any person *liable to pay any tax* neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person . [emphasis italics, mine]

Spreckles Sugar Refining Co. v. McClain, 192 US 397, page 416 :   A Citizen is exempt from Taxation, unless the same is imposed by Statute in clear and unequivocal language.

The legal rule would have to involve the fact that a "Notice of Lien" is not itself a "Lien".

When a question of law and fact occurs, there has to be a temporary Stat that procedure is followed.

A mixed question of law and fact occurs when the facts are established, the rule of law is undisputed, and the issue is whether the facts satisfy the legal rule. Pullman-Standard v. Swint, 456 U.S. 273, 289 n.19 (1982). "The term 'mixed question of law and fact' refers to questions about the application of a rule or standard to the particular facts of the case. The question whether the defendant in a personal injury suit was negligent is a familiar illustration." G.J. Leasing Co. v. Union Electric Co., 1995 WL 257885 (7th Cir. May 4, 1995); see also In re Ralar Distributors, Inc., 182 B.R. 81, 82 (D. Mass. 1995) ("application of a statutory provision to particular facts poses a mixed question of law and fact").

(Court reviews questions involving the application of law to particular facts de novo); In re Arnold and Baker Farms, 177 B.R. 648, 653 (**Bankr. 9th Cir. 1994**) ("[a]lthough the facts underlying such determination are reviewed under the clearly erroneous standard, the question of whether the legal standard has been satisfied is reviewed de novo");

However, some courts say that where there are mixed questions of fact and law, appellate courts conduct a de novo review.  Compare Boone v. United States, 944 F.2d 1489, 1492 (**9th Cir. 1991**) (mixed questions of fact and law are reviewed de novo); In re Ruti-Sweetwater, Inc., 836 F.2d 1263, 1266 (10th Cir. 1988) (mixed questions of fact and law which contain "primarily a consideration of legal principles" are considered de novo); In re Lee, 179 B.R. 149, 155 (Bankr. **9th Cir. 1995**) (mixed questions of law and fact are reviewed de novo).

## VIOLATIONS OF PROCEDURE WAIVE IMMUNITY FROM SUIT

We recognize the government's interest in collecting taxes. Congress's taxing power is granted by the Constitution, U.S. Const. Art. I § 8, cl. 1; Amend. XVI. The importance of tax collection is reflected in statutes which, for example, prohibit its injunction. *See* 26 U.S.C. § 7421(a).

But the law reflects also a Congressional determination that the taxpayer should be afforded certain procedural rights, which the IRS is bound to respect. *See, e.g., Laing v. United States,* 423 U.S. 161, 96 S.Ct. 473, 46 L.Ed.2d 416 (1976). In balancing these interests, Congress has determined that violations of the procedural rights at issue here are exceptions to the Anti-Injunction Act. *See* 26 U.S.C. §§ 6213(a), (b)(2), 7421(a).

Private ownership of property and its enjoyment secure from arbitrary governmental interference are cherished, fundamental concepts, *see* U.S. Const. Amends. III, IV, V, X, XIV, and are two of the features distinguishing this society from those with oppressive governments.

Unjustified governmental invasion of property rights by seizure can occasion physical hardship, *see Commissioner v. Shapiro,* 424 U.S. 614, 629-30 & n. 11, 96 S.Ct. 1062, 1071-72 & n. 11, 47 L.Ed.2d 278 (1976), but the affront to the citizen's notions of the place of government in our society, when personally confronting the misuse of its awesome power, may engender a turmoil that is more profound than the physical effects of the deprivation. *Cf. Bivens,* 403 U.S. at 391-92, 394-96, 91 S.Ct. At 2002-03, 2003-05.

With the IRS's broad power must come a concomitant responsibility to exercise it within the confines of the law. The Court has emphasized that no official is above the law, and that broad powers present broad opportunities for abuse. *Butz,* 438 U.S. at 505-06, 98 S.Ct. at 2910-11. *Cf. Mark v. Groff,* 521 F.2d at 1380 n. 4.

## THE REECE V. SCOGGINS CASE

'A taxpayer brought this action in the district court claiming that the Internal Revenue Service (IRS) did not comply with clear Congressional mandates in selling his land to satisfy a tax deficiency. The district court ruled that the IRS had indeed conducted the sale in an improper manner and ordered that the purchaser of the land release the property in return for a refund of the purchase price. The purchaser appeals from that

decision. The IRS, a named defendant before the district court, has subsequently withdrawn from the case. Because we conclude that the IRS failed to meet a threshold procedural requirement of the statutory provision controlling tax sales, we affirm the decision of the district court.

However when the Petitioner/Plaintiff hired a process server to serve IRS Agent Darlene Jones with Notice of the Lack of Procedural Requirements, the process server was blocked from handing IRS Agent D. Jones the paperwork, by an IRS Attorney present.' Reece v. Scoggins, 506 F. 2d 967, 970-71 (5th Cir. 1975) .

In the Kerlo Bankruptcy case the court decided:

Pursuant to a noticed order to show cause hearing, the court ordered the application of FRBP 7070 to this matter. Therefore, a writ of execution under FRCP 70 is an available remedy to enforce the Second Order. (Additionally, § 105(a) provides:

The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process. In re Kerlo, 311 B.R. 256 (Bankr. C.D. Cal. 2004)........

Despite applications of Rule 70 being held applicable , preliminary compliance with mandatory procedure by the IRS in placing a Notice of Lien on the real property was not legitimate.

## STRICT ADHERENCE TO PROCEDURE IS MANDATORY

'We proceed from the proposition that § 6335 permitting the sale at public auction of a taxpayer's land to [506 F.2d 971] satisfy a tax deficiency must be strictly construed. Johnson v. Gartlan, 334 F.Supp. 438 (E.D.Va.1971), rev'd on other grounds, 470 F.2d 1104 (4th Cir. 1973), cert. denied, 414 U.S. 865, 94 S.Ct. 122, 38 L.Ed.2d 85 (1973). The concept of a citizen's right, absent unusual circumstances, to the unobstructed control of his own land, free from arbitrary governmental interference, has long been a fundamental principle in our country's jurisprudence. As Mr. Chief Justice Marshall noted

8

in 1821,

[t]hat no individual or public officer can sell, and convey a good title to, the land of another, unless authorized so to do by express law, is one of those self-evident propositions to which the mind assents, without hesitation; and that the person invested with such a power must pursue with the precision the course prescribed by law, or his act is invalid, is a principle which has been repeatedly recognized in this court. Thatcher v. Powell, 6 Wheat. 119, 125, 5 L.Ed. 221, 222. (from) Reece v. Scoggins, 506 F. 2d 967, 970-71 (5th Cir. 1975) .

## *OTHER NAMED IRS AGENT(S) INVOLVED*

IRS Agent **R.A. Mitchell** signing for agent REGINA OWENS filing Notice of Federal Tax Lien(s) form 668(Y) for "Kind of Tax" 1040 for Tax Periods ending 12/31/1998, 12/31/1999/ 12/31/2000, 12/31/2001for a total of approximately $68,000.

**IRS Agent Gonzalez,** signing for agent GINGER L WRAY a Notice of Federal Tax Lien, form 668(Y) for "Kind of Tax" 1040 for Tax Periods ending 12/31/2008 for approximately $26,000.00.

**IRS Agent M. Cox,** signing for agent STEVE DYSON a Notice of Federal Tax Lien, form 668(Y) for "Kind of Tax" 1040 for Tax Periods ending 12/31/2008, for approximately $7,300.00.

**IRS Agent Darlene Jones** who signed Form 2434-B Notice of Encumbrances Against or Interest in Property Offered for Sale for tax periods 07/23/2007 through 08/14/2018.

## **PLEASE TAKE JUDICIAL NOTICE**

The Bankruptcy trustee Joli Lofstedt did not act independently of the IRS Agent involved in the Auction of the real property at bar. Rather than investigate whether the real property was lawfully attached to a Notice of Lien, which in itself is not a 'Lien' the

Bankruptcy trustee merely approved of whatever the IRS filed.

Trustees in bankruptcy are not Law enforcement officials. As previously discussed, a trustee is required to assemble assets of the estate, liquidate those assets for the benefit of creditors, and distribute proceeds of the estate to creditors. Although trustees may seek the assistance of governmental officials in carrying out their statutory and fiduciary duties and orders of the court, **they do not act to assist the government in its investigatory or administrative activities**. Rather, the trustees act independently under their statutory mandate in the Bankruptcy Code.

Accordingly, a trustee or agent to a trustee is only subject to the Fourth Amendment if (1) the government knew of and acquiesced in the conduct and (2) the trustee acted with the intent to assist the government in its investigatory or administrative purposes. Attson, 900 F.2d at 1433. In re Kerlo, 311 B.R. 256 (Bankr. C.D. Cal. 2004)@ pg. 265. (emphasis **bold**, pet's.)

"If the precise strictures on the seizure and sale of property are violated by the government, the sale is void. Johnson v. Gartlan, 470 F. 2d 1104, (4th Cir. 1973). Aqua Bar & Lounge v. United States, 438 F. Supp. 655 (E.kD. Pa. 1977). This strict construction applies to all portions of the statute.

Further an Order from December 5th 2017 in the Bankruptcy Case, Case #

14-11530-CDP

shows that the Plaintiff may have been invoiced to pay Joli Lofstedt's Attorney Group to

the tune of $55,450.58 while she operated as the Bankruptcy Trustee on the Plaintiffs

Bankruptcy case.


## **LEGAL ISSUES FOR REVIEW**


The real property located in Ely, Nevada which went to Auction in White Pine

County, Nevada was permitted to be auctioned illegally by the Bankruptcy Trustee Joli Lofstedt who knowingly or unknowingly complied with IRS Agent Darlene Jones illegal Notice of Encumbrances on IRS Form 2434-B from an unverified and illegal Notice(s)of Federal Tax Lien upon the subject real property.

Section 6335 authorizes the Internal Revenue Service to sell seized personal and real property. Definite procedures must be followed in the sale of seized property prior to, during, and after the sale. In general, section 6335 requires that (1) a notice of seizure be delivered to the owner of the property seized, (2) a notice of sale also be delivered to the owner and also be publicly make; (3) the sale take place not less than ten nor more than forty days from the date of the notice of sale, and (4) the place of sale shall be within the county in which the property is seized. These notices, timing and place requirements are conditions precedent to the sale, and the IRS' failure to follow them makes the sale voidable.

By not following IR Code procedure, the IRS had not perfected their Notice of Lien to seize the Petitioner's real property.

The IR Code says:

At Pub. L. No. 105-206, § 3401. A lien is "a legal right or interest that a creditor has in another's property, lasting usually until a debt or duty that it secures is satisfied." Black's Law Dictionary (9th ed. 2009). See also IRC § 6321. Levy refers to the IRS's ability to collect amounts owed by taking the property or rights to the property of the taxpayer. See IRC § 6331.

## BANKRUPTCY APPELLATE PANEL DECISIONS ARE NOT BINDING

Another reason Bankruptcy trustee Joli Lofstedt had to do her own investigation

on the legality of the IRS Notice(s) of Lien on record against the Petitioner in Bankruptcy

before she allowed the IRS to seize the property and/or sold the property via Bankruptcy

process to settle alleged IRS debts is that Bankruptcy court decisions are not binding in

the district U.S. courts.

Compare In re Ball, 185 B.R. 595 (Bankr. 9th Cir. 1995) (Bankruptcy Appellate

Panel is bound by doctrine of stare decisis to follow earlier decision of BAP panel);

In re Kar Dev. Assocs., 180 B.R. 624, 626 (Bankr. D. Kan. 1994) ("A decision of
a single district judge in a multi-judge district is not the law of the district and [bankruptcy
judges] are not bound to follow the prior cases."), aff'd, 180 B.R. 629, 639-40 (D. Kan.
1995); In re Barakat, 173 B.R. 672 (Bankr. C.D. Cal. 1994)

(BAP decisions are binding precedent throughout the circuit; district court
decisions are not binding even in that district unless the district court sits en banc) and In
re Gaylor, 123 B.R. 236 (Bankr. E.D. Mich. 1991) (district court decisions are not binding
precedent) with Bryant v. Smith, 165 B.R. 176, 180 (W.D. Va. 1994) ("the bankruptcy
judge is no more free to disregard the clear precedent of [the district] court, than this
court is free to disregard the precedent of the Court of Appeals or the Supreme
Court.") and In re Holdenried, 178 B.R. 782, 786 (Bankr. E.D. Mo. 1995) ("This Court
must follow the decisions of a higher court having direct appellate review. Decisions of the
[district court] are binding upon this Court."); see generally Maddock, Stemming The Tide
Of Bankruptcy Court Independence: Arguing The Case For District Court Precedent, 2
ABI L. Rev. 507 (1994) (comprehensive collection of cases on this issue).

But, it has not been determined what the closing date of the Bankruptcy action

was. The Final Account and Distribution Report of September 12, 2018, signed under

penalty of perjury by Joli Lofstedt, Trustee shows at page (9) of (17) on the Public

Docketbird website, that: "Major activities affecting case closing which are not reflected

above, and matters pending date of hearing or sale, and other action: 07/19/2018 TFR sent

to UST". Then it follows with" Initial Projected Date of Final Report (TFR) 05/30/2015,

but thereafter in fine print on the same page shows "Current Projected Date of Final

Report (TFR) 12/30/2018. " There is a (3.5) year difference between the two dates, Id.

The first page on the Form "UST 101-7-TDR (10/1/2010) whereupon Joli

Lofstedt,Trustee signed under penalty of perjury say in part: "The case is fully

administered and all assets and funds which have come under the trustee's control in this

case have been properly accounted for as provided by law. The trustee hereby request to

be discharged from further duties as a trustee."

When Joli Lofstedt, Trustee said "funds...under the trustee's control ....have been

properly accounted for as provided by law." Id., she is also stating the IRS Lien(s), Notice

of Lien(s) and Levy(s) with Notice of Levy(s) were all done according to IRS procedure,

and that is a False Conclusion.

## STANDARD OF REVIEW

In an appeal from district court review of a bankruptcy court order, the circuit

court of appeals independently reviews the bankruptcy court's order without deference to

the district court's determination. Grella v. Salem Five Cent Sav. Bank, 42 F.3d 26, 30

(1st Cir. 1994); accord In re Foust, 52 F.3d 766, 768 (8th Cir. 1995) .

("Although the district court's conclusions about the bankruptcy court's decisions may
carry some persuasive weight, our appellate review of the bankruptcy court's decision is
independent of the district court's opinion."); In re Graves, 33 F.3d 242, 246 (3d Cir.
1994) (circuit court's review in a bankruptcy appeal "duplicates that of the district court
and [it] view[s] the bankruptcy court decision unfettered by the district court's
determination"); In re Eagle-Picher Indus., Inc., 999 F.2d 969, 972 (6th Cir. 1993) (same).

## FURTHER BACKGROUND REVIEW

A Petition for an Emergency Temporary Restraining Order under 42 U.S.C. § 1983 by reference to F.R.Civ. P. (65), et seq., against an upcoming Public Auction of property located in Ely, Nevada was submitted to the Court October 24, 2018 and the Court responded by issuing its Order of October 24, 2018 the same day.

The same day the Order, Id., was issued the Petitioner informed the Sheriff's Department involved in the Auction to Cease & Desist forward movement. They however did not, and thus a quasi-claim of Contempt of Court is made by the Plaintiff for the Sheriff's Department having Auctioned the subject real property, and now a focus on redemption has to be made.

Pursuant to the Legal Reference Guide for Revenue Officers, at § 337.1, of (2-9-90)IRC 6343(b) authorizes the District Director to return to its rightful owner any property which has been wrongfully levied upon.

## THE AUCTION

The Plaintiff was subject to an illegal Auction by the IRS on his real property in Ely, Nevada by Sheriff's Auction outside the County Courthouse at 801 Clark Street, Nevada 83301, in White Pine County. Again, the Auction did proceed, though the Sheriff's Department was notified there was an Order issued granting the Plaintiff-then Petitioner (21)(twenty-one) days to:

File a Complaint under F.R. Civil Procedure 3.

Accompany a declaration to the Complaint setting forth the (1) nature of the

14

emergency, (2) the office addresses and telephone numbers of the movant and all affected

parties; (3) a statement of the moving party certifying that, after participation in a meet-

and-confer process to resolve the dispute, the moving party has been unable to resolve the

mater without court action. (4) pay the $400.00 filing fee.

## ADMINISTRATIVE EXHAUSTION APPLICATIONS

IRS Agent Darlene Jones as well as other IRS Agents were notified in writing of

the procedural breaches which were uncovered by the Petitioner and certified-mailed a

written explanation of the those breaches prior to the Auction. Thereafter a meeting

occurred in the office(s) of the IRS in Denver, Colorado and IRS agent(s) then present

were negligent to require they must each follow strict IRS procedure concerning the

related Notice of Federal Tax Lien and its origin.

The Taxpayer Bill of Rights was designed in part to compel the IRS to follow

procedure and be more transparent in compliance. The IRS agent(s) involved cannot

legally seize and/or auction the property of concern when procedural mandates prior to a

Notice of Federal Tax Lien were not complied with. The Fourth Amendment provides

that:

'The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated. * * *'

"In Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946), we reserved the question whether violation of that command by a federal agent acting under color of his authority gives rise to a cause of action for damages consequent upon his unconstitutional conduct. Today we hold that it does.(ref) BIVENS v. SIX UNKNOWN NAMED AGENTS OF FEDERAL BUREAU OF NARCOTICS.403 U.S. 388 (91 S.Ct. 1999, 29 L.Ed.2d 619)."

"An agent acting—albeit unconstitutionally—in the name of the United States
15

possesses a far greater capacity for harm than an individual trespasser exercising no authority other than his own. Cf. Amos v. United States, 255 U.S. 313, 317, 41 S.Ct. 266, 267—268, 65 L.Ed. 654 (1921); United States v. Classic, 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1941). Accordingly, as our cases make clear, the Fourth Amendment operates as a limitation upon the exercise of federal power regardless of whether the State in whose jurisdiction that power is exercised would prohibit or penalize the identical act if engaged in by a private citizen. It guarantees to citizens of the United States the absolute right to be free from unreasonable searches and seizures carried out by virtue of federal authority.

And 'where federally protected rights have been invaded, it has been the rule from the beginning that courts will be alert to adjust their remedies so as to grant the necessary relief.' Bell v. Hood, 327 U.S., at 684, 66 S.Ct., at 777 (footnote omitted); see Bemis Bros. Bag Co. v. United States, 289 U.S. 28, 36, 53 S.Ct. 454, 457, 77 L.Ed. 1011 (1933) (Cardozo, J.); The Western Maid, 257 U.S. 419, 433, 42 S.Ct. 159, 161, 66 L.Ed. 299 (1922) (Holmes, J.)." (ref) BIVENS v. SIX UNKNOWN NAMED AGENTS OF FEDERAL BUREAU OF NARCOTICS.403 U.S. 388 (91 S.Ct. 1999, 29 L.Ed.2d 619)."

## DISCRETIONARY DETERMINATIONS

Abuse of discretion has best been described as "[w]hat we mean when we say that a court has abused its discretion, is merely that we think that [the court] made a mistake." Pearson v. Dennison, 353 F.2d 24, 28 n.6 (**9th Cir. 1965**); accord In re Lowenschuss, 67 F.3d 1394, 1399 (9th Cir. 1995) (Abuse of discretion occurs when reviewing court has "a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors."); Shore v. Federal Exp. Corp., 42 F.3d 373, 380 (6th Cir. 1994)

An abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made.". "Abuse of discretion can occur if (1) the court fails to 'actually ... exercise discretion, deciding instead as if by general rule or even arbitrarily;' (2) the court fails to take relevant facts 'constraining its exercise' of discretion into account; or (3) its decision is based on erroneous conclusions of law or fact." United States v. Roberson, 188 B.R. 364, 365 (D. Md. 1995) (citing James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993)), or the misapplication of the law to the facts, see, e.g., In re Gioioso, 979 F.2d 956, 959 (3d Cir. 1992); Charles v. Carey, 627 F.2d 772, 776 (7th Cir. 1980); Clemons v. Board of Educ., 228 F.2d 853, 857 (6th Cir. 1956); see generally Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990)

When reviewing discretionary determinations affecting substantive rights of a party, we should argue that the former standard is correct; the latter view of the court's role in reviewing "discretionary" decisions is appropriate only in merely procedural decisions. Review of substantive decisions requires that appellate courts apply "not a rule

of perfunctory appellate review but one of careful scrutiny." Direx Isreal, Ltd. v. Breakthrough Medical Corp., 952 F.2d 802, 815 (4th Cir. 1991); cf. United States v. Boyd, 1995 WL 274461 (7th Cir. May 10, 1995) (Posner, C.J.) (appellate review of discretionary determination is "deferential" but "not abject"). Application of standards set forth in the Code or the Rules, even if quite open ended such as "good faith" or "excusable neglect," does not make the ruling discretionary. See Pioneer Investment Servs. Co. v. Brunswick Assocs. L.P., 113 S. Ct. 1489 (1993) (discussing standards for "excusable neglect").

## ATTORNEY LIABILITY FOR BAD ADVICE

Recission documents were sent revoking power of attorney, etc. to Attorney Clark representing the Plaintiff in Bankruptcy under verification that this client-claimant was under bad advice of counsel to file back up returns, without being granted any Immunity whatsoever for years of not filing Form 1040's. Such a situation as invoked by counsel is nothing less than Entrapment. Apparently in Bankruptcy the client cannot hold their hired Attorney liable for Ineffective Assistance of Counsel as the case is not criminal. However, Attorney Clark not meeting a Standard of Performance under Ethics is a different matter.

But, such entrapment does not relieve the IRS of following procedure. The above steps not followed by the IRS agents involved show a conspiracy to take money and/or real property by act(s) of deception.

## VIOLATIONS OF PROCEDURE WAIVE IMMUNITY FROM SUIT

The clear violations of IRS procedure committed against the Petitioner did not allow the Notice of Lien, to become an actual Lien to seize the property. An actual "Lien" did not issue from the IRS.

But the law reflects also a Congressional determination that the taxpayer should be afforded certain procedural rights, which the IRS is bound to respect. *See, e.g., Laing v.*

*United States*, 423 U.S. 161, 96 S.Ct. 473, 46 L.Ed.2d 416 (1976). In balancing these interests, Congress has determined that violations of the procedural rights at issue here are exceptions to the Anti Injunction Act. *See* 26 U.S.C. §§ 6213(a), (b)(2), 7421(a).

Private ownership of property and its enjoyment secure from arbitrary governmental interference are cherished, fundamental concepts, *see* U.S. Const. Amends. III, IV, V, X, XIV, and are two of the features distinguishing this society from those with oppressive governments.

Unjustified governmental invasion of property rights by seizure can occasion physical hardship, *see Commissioner v. Shapiro*, 424 U.S. 614 , 629-30 & n. 11, 96 S.Ct. 1062, 1071-72 & n. 11, 47 L.Ed.2d 278 (1976), but the affront to the citizen's notions of the place of government in our society, when personally confronting the misuse of its awesome power, may engender a turmoil that is more profound than the physical effects of the deprivation. *Cf. Bivens*, 403 U.S. at 391-92, 394-96, 91 S.Ct. At 2002-03, 2003-05.

With the IRS's broad power must come a concomitant responsibility to exercise it within the confines of the law. The Court has emphasized that no official is above the law, and that broad powers present broad opportunities for abuse. *Butz*, 438 U.S. at 505-06, 98 S.Ct. at 2910-11. *Cf. Mark v. Groff*, 521 F.2d at 1380 n. 4.

"Quoting Mark v. Groff, the Supreme Court agreed with this court and most circuits, which had reached similar conclusions. Butz v. Economou, **438 U.S. 478**, 486 & n. 9, 498-500, 505-07, 98 S.Ct. 2894, 2900 & n. 9, 2906-07, 2910-11, 57 L.Ed.2d 895 (1978). A different holding would "stand the constitutional scheme on its head." Id. at 504, 98 S.Ct. at 2909. Qualified immunity for federal executive officials struck a balance between the interests underlying immunity and the need for a remedy for constitutional violations. Id. at 497, 504-06, 98 S.Ct. at 2909-11. (see) Bothke v. Fluor Engineering, , 713 F.2d 1405, Decided Jan. 24, 1983. @ point 23."

"That IRS agents performing specific tasks had absolute immunity in Stankevitz does not mean that all IRS agents are also absolutely immune irrespective of what tasks they perform. There is no such blanket immunity for an arm of government.(see) Bothke v. Fluor Engineering, , 713 F.2d 1405, Decided Jan. 24, 1983. @ point 41."

## CONCLUSION

The Court is requested to render a Judgment to return all property(s) and funds

unlawfully seized from the Plaintiff during the Bankruptcy process. All other forms or

relief in law and equity

are also respectfully requested.

Dated: MARCH 4TH, 2020

Exhibits attach

_____

All Rights Reserved:

s/ *Robert-Joseph: Intlekofer*

robert-joseph: Intlekofer
P.O. Box 21
Timnath, Co. 80547


UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF COLORADO

Robert J. Intlekofer

        Plaintiff

vs.

REVIEW

INTERNAL REVENUE SERVICE
AGENT DARLENE JONES, PALS
AND ANY ACCOMPLICES KNOWN
AND UNKNOWN, ET AL.

        Defendant

_____ /

Case: _____
Judge: _____

DECLARATION IN SUPPORT OF
COMPLAINT FOR PLENARY

The Declarant Robert J. Intlekofer is of sound mind and attests to the following fact(s):

1. The nature of the emergency was the upcoming Auction 10/24/2018 which was being conducted absent the IRS following procedure.

2. The name/office/home/telephone number(s) address of the moving party and affected party is/are: Ron Williams; phone # 775-293-2133, who resides at 1220 Mountain View Drive, Ely, Nevada, and Robert Intlekofer; phone # 970-214-8754 who owns the subject property and is this declarant and moving party.

3. The declarant and a witness met with IRS agents at the Denver, Colorado IRS office; 1999 Broadway Ave. on October 17, 2018 and they refused to admit that defects in IRS procedure revealed by the declarant to them in writing was leading to the upcoming Auction. Additionally the IRS agent(s) in the office(s) refused to supply requested administrative documents to prove the multiple violations of IRS Lien/Levy/Seizure process.

4. The local Sheriff's Department in Ely, Nevada was notified to cease & desist moving forward with the Auction, however, despite being notified of active process being reviewed in the U.S.D.C., this Court, the Auction occurred and the preliminary Order then issued on the same day.

5. The process server (Jack Cox) involved in the administrative paperwork to cease the forward movement of the property sale tried to serve IRS Agent Darlene Jones and Mr. Cox (process server) was informed they do not accept service of process and he would need to go to the Department of Justice.

6. When process server Jack Cox arrived at the Department of Justice in the same building area at 4041 N. Central Avenue, Phoenix, Arizona, he was told they did not accept service of process for the IRS, and thus there was a run around.

7. Due to the federal agents playing hot potato to receive documents developing a court case, an emergency need was justified to commence a Petition for a Temporary Restraining Order.

8. Further this declarant sayeth naught.

Dated: March 4th , 2020

Under penalty of perjury,

18 USC 1746;

s/ *Robert-Joseph: Intlekofer*

robert-joseph: Intlekofer


CERTIFICATE OF SERVICE


The Plaintiff certifies that he mailed a copy of this
Complaint  for Plenary Review to the following by pre-paid
first class u.s. postal directed toward the-existing
following this 4th day of March, 2020.


Clerk of the Court
United States District Court

| Alfred A. Arraj United States Courthouse, Room A105 | |
| 901 19th Street | |
| Denver, CO 80294-3589 | |

JS 44 (Rev 06/17)   District of Colorado

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Robert J. Intlekofer

**(b)** County of Residence of First Listed Plaintiff   Laramer
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

IN Sui Juris

## DEFENDANTS

INTERNAL REVENUE SERVICE, IRS AGENT DARLENE JONES
BANKRUPTCY TRUSTEE JOLI LOFSTEDT

County of Residence of First Listed Defendant   Boulder
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
       Plaintiff

☐ 3  Federal Question
       *(U.S. Government Not a Party)*

☒ 2  U.S. Government
       Defendant

☐ 4  Diversity
       *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | **PERSONAL INJURY** | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 365 Personal Injury - Product Liability | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | **LABOR** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 890 Other Statutory Actions |
| | | | ☐ 751 Family and Medical Leave Act | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | **IMMIGRATION** | |
| | | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | |
| | | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | |

*(SOCIAL SECURITY column:)* ☐ 861 HIA (1395ff)  ☐ 862 Black Lung (923)  ☐ 863 DIWC/DIWW (405(g))  ☐ 864 SSID Title XVI  ☐ 865 RSI (405(g))

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
     Proceeding

☐ 2 Removed from
     State Court

☐ 3 Remanded from
     Appellate Court

☐ 4 Reinstated or
     Reopened

☐ 5 Transferred from
     Another District
     *(specify)*

☐ 6 Multidistrict
     Litigation -
     Transfer

☐ 8 Multidistrict
     Litigation -
     Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC secition 1983

Brief description of cause:
Complaint for Plenary Review of Bankruptcy Final Report

☐ AP Docket

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
    UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*

JUDGE _____   DOCKET NUMBER _____

DATE   March 4th 2020

SIGNATURE OF ATTORNEY OF RECORD   By: Robert-Joseph: Intlekofer  All rights reserved

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____