**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 20-cv-0613-WJM-KLM

ROBERT J. INTLEKOFER,

     Plaintiff,

v.

INTERNAL REVENUE SERVICE AGENT DARLENE JONES, et. al,

     Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE
JUDGMENT OF MARCH 10, 2021**

---

     Before the Court is *pro se* Plaintiff Robert J. Intlekofer's Motion to Set Aside Judgment of March 10, 2021 ("Motion").  (ECF No. 24.)  Defendant Darlene Jones filed a response in opposition.  (ECF No. 28.)

     Plaintiff also filed a Response in Opposition to Defendant Darlene [Jones's] Motion to Dismiss ("Response") (ECF No. 31), even though there is no longer a motion to dismiss pending in this case on which the Court could issue a ruling.[1]  In response, Jones filed a reply in support of her motion to dismiss.  (ECF No. 32).  Because there is no longer a motion to dismiss pending, Plaintiff's Response and Jones's reply will be

---

[1] United States Magistrate Judge Kristen L. Mix issued a Recommendation of United States Magistrate Judge ("Recommendation"), which recommended that the Court grant Defendant Jones's motion to dismiss for lack of subject matter jurisdiction.  (ECF No. 19.)  Receiving no timely objections from Plaintiff, the Court adopted the Report and Recommendation in its entirety.  (ECF No. 20.)  Therefore, there is no motion to dismiss pending in this case.

stricken.[2]

For the following reasons, the Motion is denied.

## I. BACKGROUND[3]

On February 18, 2014, Plaintiff filed a petition for Chapter 7 bankruptcy in the United States Bankruptcy Court for the District of Colorado.  (ECF No. 19 at 2.)  *See Joseph J. Intlekofer*, Case No. 14-11530-CDP (Bankr. Colo.).  As part of that proceeding, the IRS seized Plaintiff's Nevada property, located at 1220 Mountain View Dr., Ely, Nevada 89301 ("Subject Property").  (ECF No. 19 at 2.)

Before the seizure of the Subject Property, Defendant Joli Lofstedt, as bankruptcy trustee, filed a notice to abandon the property and established a deadline by which Plaintiff could file an objection.  (*Id.*)  With no objection filed, Jones, an agent of the IRS, scheduled and executed a sheriff's auction on October 24, 2018, and the Subject Property was sold.  (*Id.*)

With "the case fully administered and all assets and funds . . . properly accounted for," Plaintiff's bankruptcy case closed on November 9, 2018.  (*Id.*)  Plaintiff appealed to the Tenth Circuit Bankruptcy Appellate Panel, and his appeal was dismissed.  (*Id.*)

---

[2] In the Response, Plaintiff asks for an extension of time for the filing because Jones was granted an extension of time to file her response to the Motion; therefore, Plaintiff "asserts he accepts fairness in equity."  (ECF No. 31 at 1.)

Plaintiff is confused about why the Court granted Jones an extension.  The Court permitted Jones to file a response to Plaintiff's Motion after the deadline to do so had passed because it required such a response to address the Motion.  (ECF No. 30.)  Here, Plaintiff has—unrelated to the actual matter at hand—filed a Response to a motion to dismiss which is no longer pending.  Therefore, because the motion to dismiss has been fully resolved in the Order adopting Judge Mix's Recommendation (ECF No. 20), there is no need for a response to that motion.

[3] The Court takes the Background section in large part from the Recommendation.  (ECF No. 19.)

Plaintiff moved to reopen the bankruptcy case, but his motion was denied.  (*Id.*)

On March 4, 2020, Plaintiff commenced this action.  (ECF No. 1.)  He sought "Plenary Review and Declaratory Judgment Upon Decision of the Bankruptcy Appellate Court regarding Plaintiff's real property in Ely, Nevada illegally seized and auctioned." (*Id.*)  In the Complaint, Plaintiff named Jones and Lofstedt in what the Court assumed to be their official capacities.  (*Id.*)  Plaintiff asserted that Lofstedt had a duty to verify the validity of the IRS procedures that predicated the seizure of the Subject Property.  (*Id.*) Because she failed to "meet the burden of proof" regarding that duty, Lofstedt allegedly permitted the Subject Property to be auctioned illegally.  (*Id.*)

Plaintiff also averred that the Bankruptcy Appellate Panel did not address "the errors in IRS procedure committee before the Auction of the property at bar. . . ."  (*Id.*) Thus, Plaintiff sought declaratory judgment to the effect that the IRS "return" the Subject Property.  (*Id.*)  Plaintiff also asks for plenary review of the decision of the Bankruptcy Appellate Court.  (*Id.*)

Jones filed a Motion to Dismiss (ECF No. 12), Plaintiff filed a Motion for Summary Default Judgment (ECF No. 14), and Plaintiff filed a Motion for Summary Judgment in the form of a Motion for Judgment on the Pleadings (ECF No. 17).  These motions were referred to Judge Mix for a report and recommendation.

On February 22, 2021, Judge Mix issued the Recommendation.[4]  (ECF No. 19.)

---

[4] In the Recommendation, Judge Mix noted that the only defendant in the case who has been served is Jones.  (ECF No. 19 at 2 n.4.)  Plaintiff failed to serve Lofstedt, and Judge Mix was "unsure what Plaintiff's reference to "PALS" was, but regardless, if it was a defendant, PALS had not been served.

To the extent Plaintiff argues in the Motion that Lofstedt was served (ECF No. 24 at 5), such an argument should have been raised in a timely objection to the Recommendation.

In the Recommendation, Judge Mix specifically advised Plaintiff of the consequences of a failure to file timely, specific written objections.  (*Id.* at 14–15.)  Judge Mix found that the Court lacked subject matter jurisdiction over the claim for declaratory judgment because the Declaratory Judgment Act ("DJA") precludes the Court from awarding declaratory relief in federal tax cases, 28 U.S.C. § 2201.  (ECF No. 19 at 7.)  Similarly, the Anti-Injunction Act ("AIA") states that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."  26 U.S.C. § 7421.  Focusing on the AIA, Judge Mix concluded that, even construing *pro se* Plaintiff's arguments liberally, Plaintiff failed to show that an exception to the statute applied.  (*Id.* at 9–11.)  Specifically, Plaintiff failed to even address the exceptions or argue that they apply.  (*Id.* at 10.)

Regarding Plaintiff's claims against Jones in her official capacity, Judge Mix observed that Plaintiff did not dispute or address Jones's assertion that the claims were in fact claims against the United States.  (*Id.* at 11.)  Construing them as claims against the United States, Judge Mix concluded that Plaintiff failed to prove that the United States waived sovereign immunity.  (*Id.*)  Thus, she found that Plaintiff's claims against Jones were barred by sovereign immunity.  (*Id.* at 12.)  She similarly found that, to the extent Plaintiff's claims could be broadly construed to assert claims against Defendants in their personal capacities, these claims would be similarly barred as to both Defendants.  (*Id.*)

Finally, Judge Mix concluded that the Court lacked jurisdiction over Plaintiff's request for plenary review of the Bankruptcy Appellate Panel's decision, because such

a request must be brought in the first instance in the Tenth Circuit Court of Appeals.  (*Id.* at 13–14.)

In sum, Judge Mix recommended that the Motion to Dismiss be granted, that the case be dismissed without prejudice for lack of subject matter jurisdiction, that to the extent the individual defendants were sued in their personal capacity that the Motion to Dismiss be granted and those claims be dismissed for failure to state a claim upon which relief may be granted, and that Plaintiff's Motions be denied as moot.  (*Id.* at 14.)

Plaintiff failed to file timely objections to the Recommendation, despite Judge Mix's written warning of the consequences of failing to do so.  Thus, on March 10, 2021, the Court adopted the Recommendation in its entirety and entered final judgment in this case.  (ECF Nos. 20, 21.)  On March 17, 2021, Plaintiff filed an untimely Objection to the Recommendation.  (ECF No. 22.)  On March 19, 2021, the Court struck the untimely Objection because final judgment had already been entered.  (ECF Nos. 21, 23.)

On April 21, 2021 (42 days after the Court had entered judgment), Plaintiff filed the Motion under Federal Rule of Civil Procedure 60, requesting that the Court set aside the March 10, 2021 judgment.  (ECF No. 24.)  In the Motion, he fails to explain why he did not file timely objections to the Recommendation.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) ("Our waiver rule provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.")  On October 7, 2021, Jones filed her response in opposition.  (ECF No. 28.)

## II. LEGAL STANDARD

"On motion and just terms, the court may relieve a party or its legal

representative from a final judgment, order, or proceeding for [six] reasons[.]" Fed. R. Civ. P. 60(b). The first five reasons are scenarios that arise with enough frequency to be specifically called out (*e.g.*, excusable neglect, newly discovered evidence, satisfaction of judgment). *See* Fed. R. Civ. P. 60(b)(1)–(5). Then Rule 60(b)(6) permits a court to grant relief for "any other reason justifying relief."

While relief under the five enumerated clauses of Rule 60(b)(1)–(5) is "extraordinary and may only be granted in exceptional circumstances," "Rule 60(b)(6) relief is even more difficult to attain and is appropriate only when it offends justice to deny such relief." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231–32 (10th Cir. 1999). Ultimately, all Rule 60(b) motions are addressed to the sound discretion of the trial court. *Zimmerman v. Quinn*, 744 F.2d 81, 82 (10th Cir. 1984).

### III. ANALYSIS

In the Motion, Plaintiff requests that the Court "set aside" the judgment under Rule 60(b)(1) and (6) on several grounds, including that Plaintiff never consented to the Magistrate Judge's jurisdiction, and thus there was no authority for Judge Mix to issue a Recommendation. (ECF No. 24 at 2.) The remainder of the Motion consists of objections to the conclusions in the Recommendation.

To the extent Plaintiff requests relief under Rule 60(b)(1) because he believes Judge Mix lacked authority to issue the Recommendation, the Court finds his request is without merit. As Jones argues, "Plaintiff . . confuses the difference between the parties' consent to proceed before a Magistrate Judge for all matters and the District Court's inherent authority to refer matters to a Magistrate Judge for initial consideration." (ECF No. 28 at 2.)

Under Federal Rule of Civil Procedure 72(b), and 28 U.S.C. § 636, the Court may refer dispositive motions, such as the United States' motion to dismiss, to a Magistrate Judge for a Report and Recommendation.  Once a referral is made, "[a] magistrate judge must promptly conduct the required proceedings when assigned, *without the parties' consent* . . . ."  Fed. R. Civ. P. 72(b)(1) (emphasis added).  After a Report and Recommendation is served on the parties, they have 14 days to object to the recommended disposition.  Fed. R. Civ. P. 72(b)(2).  The District Court then must consider *de novo* any raised objections and may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  The mere fact that the Motion to Dismiss was referred to the Magistrate Judge for initial consideration, which by rule can be done without the parties' consent, is not a ground to set aside the judgment.

Additionally, Jones points out that no party timely objected to the Recommendation in this case.  If Plaintiff were truly concerned about Judge Mix's authority to consider the Motion to Dismiss, or to issue a Recommendation on that Motion, he should have raised those concerns in a timely objection to the Recommendation.  However, he chose not to do so.

Regarding Plaintiff's request for relief under Rule 60(b)(6), "a district court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice."  *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir. 1996).  Such extraordinary circumstances are not present here.  "A Rule 60(b) motion is not appropriate when the movant seeks to revisit issues already addressed or

to advance arguments that could have been raised in prior briefing." *Fortner v. City of Colorado Springs*, 2012 WL 2126829, at *1 (D. Colo. June 12, 2012) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted)).  The Tenth Circuit instructs that "[a]bsent extraordinary circumstances, . . . the basis for the second motion must not have been available at the time the first motion was filed." *Servants of the Paraclete*, 204 F.3d at 1012.

In the Motion, Plaintiff raises arguments that not only could have been raised previously in timely objections to the Recommendation, but also could have been raised in his response to Jones's motion to dismiss or at other earlier points in the litigation.[5] Given Plaintiff's failure to raise these arguments in timely objections to the Recommendation, the Motion does not contain any basis to reconsider the undersigned's Order adopting the Recommendation.  *Fortner*, 2012 WL 2126829, at *1.  Therefore, the Court will deny the Motion.

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS:

1.     Plaintiff's Motion to Set Aside Judgment of March 10, 2021  (ECF No. 24) is DENIED;

2.     Plaintiff's Response In Opposition to Defendant Darlene [Jones's] Motion to Dismiss (ECF No. 31) is STRICKEN; and

---

[5] For example, Plaintiff argues that his motion for default judgment should have been granted, attacks the result of the bankruptcy action, and attacks the actions taken by Lofstedt. (ECF No. 24 at 4–9.)  However, for the reasons Jones explains in her response (ECF No. 28 at 3–4), these eleventh-hour arguments are not "extraordinary circumstances" justifying vacating the judgment.

3.     Jones's Reply In Support of Defendant's Motion to Dismiss (ECF No. 32) is

STRICKEN.

Dated this 10th day of December, 2021.

BY THE COURT:

William J. Martinez
United States District Judge